Diego Agüeros & Co., demandante y apelada, *v.* Alfredo Heres, demandado y apelante.

No. 6752.—*Sometido:* Diciembre 19, 1935. *Resuelto:* Junio 19, 1936.

*José S. Alegría,* abogado del apelante; *J. Pedro Miranda,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Éste es el pleito de Diego Agüeros & Co. contra Alfredo Heres. Después de una descripción de las partes, la demanda aduce lo siguiente:

"Que el demandado Alfredo Heres tomó en el establecimiento de la demandante gomas y neumáticos para automóviles por valor de $1,068.94, con obligación de pagar esta cantidad tan pronto fuere requerido para ello por la demandante."

También se alegaba el requerimiento y la negativa del demandado.

Aunque quizá falten detalles, según insiste el apelante, o aunque la obligación podría ser expresada en forma distinta, resolvemos que la demanda, y especialmente el párrafo antes citado, aducía una causa de acción completa.

La objeción a la demanda fué presentada por primera vez en el juicio, y la corte correctamente decidió que cualesquiera deficiencias que existieran habían sido subsanadas por la prueba y que hubieran podido obtenerse mayores detalles solicitándose un pliego de particulares. Las fechas de las entregas carecían de importancia para el solo propósito de determinar una causa de acción, y también convenimos con la apelada en que cualquier incongruencia durante el juicio no podía afectar la expresión de la causa de acción.

Una moción de *nonsuit* fué declarada sin lugar. La apelada trata de sostener que dicha moción es en verdad una excepción previa a la evidencia y, si entendemos la teoría, que una incongruencia no podía ser objeto de una moción de *nonsuit.* Convenimos con el apelante en que sí podía serlo. Sin embargo, no hallamos tal incongruencia.

La prueba demostró que el demandado fué una vez agente de Diego Agüeros & Co. y vendía efectos de auto-

móviles para dicha compañía, y que dicha agencia cesó por consentimiento de ambas partes. Entonces la evidencia de la demandante tendió a demostrar, y la corte la creyó, que el demandado ordenó efectos de automóviles de la demandante para entregárselos a varias personas y a veces directamente al demandado, y en caso de que no se pagaran las cuentas, que se podía insistir en la responsabilidad de este último. En detalle, hubo un número de papeles suscritos por el demandado al entregársele los efectos. Tenemos la idea de que la mayoría, si no todos los efectos, fueron entregados al demandado, mas quizá algunos de ellos fueron entregados directamente a los supuestos compradores, pero siempre a instancias del demandado, en el entendido de que él sería responsable. La prueba del demandante fué inequívoca en el sentido de demostrar que hubo una entrega al demandado o a instancias suyas. Por tanto, la moción de *nonsuit* fué propiamente declarada sin lugar.

En lo relativo a los otros señalamientos de error, la teoría del demandado fué que estas entregas por mediación suya, o directamente, fueron en cada caso una transacción de la demandante con las personas a quienes se entregaron los efectos. De la evidencia quizá se desprendería que al demandado se le pagaba una comisión por la venta de los efectos, pero según la prueba esto sería un descuento. La corte manifestó con claridad que creía al socio gestor de la demandante cuando éste especificó en detalle las entregas hechas a variar personas por cuenta del demandado. Éste dejó de establecer su relación de agente.

El demandado en la repregunta, al inquirírsele sobre ciertas cuentas que se suponían haber sido cargadas a algunos de los varios parroquianos, manifestó que sí estaban cargadas, mas sucedió que éstas no habían sido cargadas a ellos, sino a la propia cuenta del demandado directamente. Sin embargo, el argumento de la apelada, según puede admitirse, es defectuoso al dar énfasis al hecho de que la demandante no conocía a algunas de las personas a quienes se

entregaban los artículos. Puede verse fácilmente que si Heres era un mandatario, no era necesario que su mandante conociera a las personas con quienes él hacía negocios.

El apelante sostiene que éste no es el caso corriente de un conflicto de prueba y hasta cierto punto él tiene razón. Había cierta posibilidad mayor o cierta probabilidad, a juzgar por la conducta de la demandante, al cargar las cuentas a los clientes más bien que al demandado, de que tales clientes fueran responsables. Esta posibilidad o probabilidad quedó disipada en la mente de la corte por el testimonio prestado por el socio gestor de la demandante. No era en absoluto irrazonable que la demandante cargara las cuentas a los clientes del demandado, temporalmente, conforme éste lo solicitaba, y aceptara pagos de ellos, y descansara finalmente en que el demandado las pagaría. Quedó no obstante un conflicto en la prueba que la corte tenía derecho a resolver, y así lo hizo.

*Debe confirmarse la sentencia apelada.*

Los Jueces Asociados Señores Córdova Dávila y Travieso no intervinieron.